UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

**Eastern District of Kentucky**
**FILED**
MAR 3 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

§2255 MOTION TO VACATE FILED AS:
CIVIL CASE NO. 05-448-KKC
(CRIMINAL CASE NO. 03-55-KKC)

UNITED STATES OF AMERICA,                                PLAINTIFF

VS.             **REPORT AND RECOMMENDATION**

DAVID HOSKINS,                                                DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Motion to Vacate, Set Aside, or Correct Sentence" (DE#52) pursuant to 28 U.S.C. §2255 by the pro se defendant, David Hoskins. Defendant's motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having carefully considered the record, including the Motion (DE#52), Response (DE#56), Reply (DE#58), and Second Reply (DE#59), the Magistrate Judge recommends the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

On July 22, 2003, a federal search warrant was executed at the defendant's residence in Leslie County, Kentucky. Law enforcement officers discovered over 400 marijuana plants growing outside his trailer. Inside the trailer, officers found an altered 12 gauge shotgun, an SKS assault rifle with a 30 round magazine, and ammunition.

On August 28, 2003, the London Grand Jury returned an indictment, charging David Hoskins with various drug and firearm offenses. Specifically, Count 1 charges him with knowingly and intentionally growing 100 or more marijuana plants in violation of 21 U.S.C. §841(a)(1). Count 2 charges him with knowingly possessing two firearms while being an unlawful user of a controlled substance in violation of 18 U.S.C. §922(g)(3). Count 3 charges him with being a

convicted felon in possession of firearms and ammunition in violation of 18 U.S.C. §922(g)(1). Count 4 is a forfeiture charge regarding the firearms and ammunition listed in Counts 2 and 3.

The United States filed a notice pursuant to 21 U.S.C §851 that defendant was subject to an enhanced sentence due to a prior conviction in 1997 for drug trafficking. Defendant, through his counsel, entered a not guilty plea on September 11, 2003. After counsel engaged in plea negotiations, the defendant entered into a plea agreement on December 10, 2003, whereby he agreed to plead guilty to Counts 1 and 3, and admitted the factual basis for the offenses. In his plea agreement, the defendant waived his right to appeal his guilty plea and conviction, but not the sentence. He further waived the right to collaterally attack his guilty plea and conviction.

Although a range of 57-71 months was calculated under the federal sentencing guidelines, the plea agreement specifically set forth that the statutory minimum mandatory sentence of ten years would apply. After the United States filed a 5K motion for substantial assistance by the defendant, this Court departed downward and imposed a sentence of 60 months imprisonment on both Counts 1 and 3, to be served concurrently, to be followed by eight years of supervised release. Judgment was entered on August 23, 2004. DE#50. Defendant did not file a direct appeal. He signed and mailed a pro se §2255 motion from prison on August 16, 2005. DE#52.

## II. Issues Presented

The threshold issues before this Court are: 1) whether David Hoskins validly and expressly waived his right to challenge his conviction and guilty plea by means of a §2255 motion, and 2) whether his §2255 motion is procedurally defaulted for failure to appeal his sentence or the validity of his waiver. Substantively, defendant's claims are difficult to follow. He alleges 3) this court lacked subject-matter jurisdiction over his criminal case, contending that 18 U.S.C. §3231 is unconstitutional, 4) in light of the United States Supreme Court's decision in *Booker*, he is actually innocent of the "enhanced crimes" he was sentenced upon, thereby rendering his conviction "void", and 5) his counsel was ineffective for not asserting such jurisdictional defense and for not requesting discovery and investigating whether he had a valid defense.

## III. Conclusions of Law

## Statutory Jurisdiction

The federal habeas statute, 28 U.S.C. §2255, provides that: "A prisoner in custody....may move the court which imposed the sentence to vacate, set aside or correct sentence." The defendant has correctly filed this motion in the court that imposed the federal sentence now challenged. At the time he filed the present §2255 motion, defendant was in federal custody at F.C.I. in Morgantown, West Virginia.

## Applicability of AEDPA, Successiveness

The "Antiterrorism and Effective Death Penalty Act of 1996" (AEDPA) was enacted on April 24, 1996, and its provisions apply to §2255 motions, such as the present one, that were filed after such date. *Penry v. Johnson*, 532 U.S. 782, 121 S.Ct. 1910, 1918, 150 L.Ed.2d 9 (2001); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059 (1997); *Williams v. Taylor*, 120 S.Ct. 1495, 1518 (2000). The AEDPA requires courts to examine a §2255 motion to determine whether it is "successive". *In re Sims*, 111 F.3d 45 (6th Cir. 1997)(per curiam). Defendant indicates he has not filed any other §2255 motions, and the record does not reflect any.

## AEDPA One-Year Period of Limitations

A §2255 motion to vacate by a federal prisoner is subject to a one-year period of limitation that generally runs from "the date on which the judgment of conviction becomes final" or several other dates not applicable here. 28 U.S.C. §2255, ¶ 6(1); and *Clay v. United States*, 123 S.Ct. 1072, 1074 (2003). Judgment of conviction was entered August 23, 2004, *see* DE#50, and defendant did not appeal. For purposes of the AEDPA one-year period of limitations, his judgment was "final" ten days later. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1)."). Defendant's §2255 motion (DE#52) bears his signature, dated August 16, 2005, and indicates he mailed it from prison on such date. Under the "mailbox rule" for pro se prisoners, this is generally deemed to be the filing date for purposes of §2255 review. Defendant's motion was timely filed within the one-

year period of limitations.

**Issue 1: Waiver**

To the extent defendant seeks to challenge his guilty plea and conviction in this §2255 motion, such motion is not reviewable because defendant voluntarily waived the right to bring such motion as part of his plea bargain. "[W]aiver is the intentional relinquishment or abandonment of a known right ." *United States v. Sheppard*, 149 F.3d 458 (6th Cir. 1998), citing *United States v. Olano*, 507 U.S. 725, 732-35 (1993). In his written plea agreement, Hoskins specifically agreed in plain language that:

> "The Defendant waives the statutory right to appeal the guilty plea and conviction in this case, but not the sentence. The defendant further waives the right to attack collaterally the guilty plea and conviction in this matter." DE#39, Plea Agreement, ¶14.

A defendant may validly waive such rights. See *United States v. Watson*, 165 F.3d 486, 488-89 (6th Cir. 1999)(defendant may validly waive the right to seek collateral relief pursuant to §2255); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001)(defendant may validly waive the right to challenge conviction via §2255 motion, including claims of ineffective assistance of counsel); *Palermo v. United States*, 101 F.3d 702, 1996 WL 678222 (6th Cir. (Ohio))(enforcing waiver and observing that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995) (defendant may validly waive the right to appeal conviction).

Of course, a defendant's waiver of such rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *United States v. Sammons*, 918 F.2d 592, 596 (6th Cir. 1990). Hoskins voluntarily pleaded guilty and waived his right to trial. A defendant may properly waive his Sixth Amendment right to trial by jury. *Patton v. United States,* 281 U.S. 276, 312-313, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

At the defendant's rearraignment hearing, the terms of the plea agreement, including the waiver, were recited in open court. DE#41, p. 10-11, 16. Defendant

indicated that he had reviewed the plea agreement with counsel and understood its contents, including the waiver, and that he voluntarily gave up such rights and wished to enter his guilty plea. DE#41, p. 8, 12, 16. Defendant has not shown any plausible reason why his express waiver should not be enforced. See, e.g., *United States v. Sykes*, 292 F.3d 495, 498 (6th Cir.), *cert. denied*, 537 U.S. 965 (2002) ("informed waivers are valid"); *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)(enforcing waiver voluntarily entered by defendant).

The transcript of the plea colloquy (DE#51) shows that the district court complied with Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure, which provides that, prior to accepting a guilty plea, the court must inform the defendant of the appellate-waiver provision in the plea agreement and must determine that the defendant understands it. See *McGilvery*, 403 F.3d at 363 (upholding waiver because, after the prosecutor's recitation of the waiver's terms, the court determined that defendant understood the waiver); *United States v. Calderon*, 388 F.3d 197, 198-200 (6th Cir. 2004)(upholding waiver and observing that "there is nothing in the record to suggest that ... defendant misunderstood the scope of his waiver of appellate rights"); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996).

The Sixth Circuit Court of Appeals held in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir.), *cert. denied*, 528 U.S. 847 (1999) that "the trial court's proper plea colloquy cured any misunderstanding he may have had about the consequences of his guilty plea." See *Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1985), *cert. denied*, 479 U.S. 1017 (1986)(a "defendant's plea agreement consists of the terms revealed in open court"). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999); 383 F.3d 615, 619 (7th Cir. 2004). A defendant's "solemn declaration of guilt carries a presumption of truthfulness". *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The present defendant validly waived his right to challenge his guilty plea and conviction. His waiver should be enforced.

**Issue 2: Procedural Default**

Defendant did not appeal the validity of his waiver or the sentence imposed, and thus, has procedurally defaulted any challenge to them. This Court specifically advised defendant of his right to appeal, and such advice included the

statement that "if you believe the waiver is unenforceable, you can present that theory to the appellate court". DE#45. The court also advised defendant that he could appeal the sentence. Defendant did not appeal the enforceability of his waiver or his sentence. This is not surprising, as defense counsel had obtained a very advantageous plea bargain.

Although defendant now seeks to challenge to his conviction and sentence by means of a §2255motion, a motion to vacate is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir.), cert. denied, 124 S.Ct. 585 (2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), cert. denied, 116 S.Ct. 1701 (1996); *United States v. Duhart*, 511 F.2d 7, 9 (6th Cir.), cert. dismissed, 421 U.S. 1006 (1975). Sentencing challenges must be brought on direct appeal or they are waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

To the extent Hoskins seeks to challenge his sentence, relief under §2255 is not available for a claim of sentencing error "when that error was procedurally defaulted through the failure to bring a direct appeal." *Hunter v. United States*, 160 F.3d 1109 (6th Cir. 1998), citing *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996). When a defendant has failed to assert an issue on direct appeal, he may not thereafter raise such issue on §2255 unless he shows (1) good cause for his failure to raise such arguments and resulting prejudice, or (2) actual innocence. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). The "cause and prejudice" test applies to a defendant who pleads guilty and then attempts to assert his claim for the first time in a motion to vacate. *United States v. Regalado*, 334 F.3d 520, 528 (6th Cir. 2003); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The present defendant has not shown any "cause and prejudice" to excuse his default and makes no pretext of actual innocence. Although he claims he is innocent of "enhanced crimes" (see DE#52, p. 2), he is not actually asserting factual innocence, but rather, is essentially disputing the manner in which his sentence was calculated. Defendant's claims are defaulted and not reviewable here.

**Issue 3: Whether This District Court Lacked Subject-Matter Jurisdiction over Defendant's Case Because 18 U.S.C. §3231 is Unconstitutional or was Not Properly Enacted**

Even if defendant's claims could survive such procedural bars, his substantive arguments lack merit. The United States accurately points out that defendant's allegations are difficult to follow and often "indecipherable". In any event, the defendant essentially claims that this court lacked subject-matter jurisdiction over his criminal case. DE#52, p. 9-29. He attempts to nullify his convictions under 21 U.S.C. §841(a)(1) and 18 U.S.C. §922(g) by alleging that the jurisdictional statute, 18 U.S.C.A. §3231, is unconstitutional. He claims it was never properly enacted into law and engages in an elaborate discussion of the statute's legislative history during 1946 and 1947. He argues that such statute did not pass both houses of Congress, but "was altered...to make it appear that it passed both houses in 1948 in the Second Session of Congress, thus rendering it a fraud and forgery". DE#52, p. 12. He claims that the jurisdictional statute is not good law because Congress adjourned on June 20, 1948 and President Truman signed it thereafter. See DE#52, p. 1, 9, 20-24. Defendant's allegations are unavailing. The annotated version of such statute reflects an effective date of June 25, 1948. Defendant himself acknowledges that President Truman signed the bill into law on such date. DE#52, p. 13. Such statute specifically provides that:

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." 18 U.S.C.A. §3231.

The Supreme Court has explained that "[j]urisdiction is the power to decide a justiciable controversy, and includes questions of law as well as fact..." *United States v. Williams,* 341 U.S. 58, 66, 71 S.Ct. 595, 95 L.Ed. 747 (1951); *and see, United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002)(explaining that jurisdiction means "the courts' statutory or constitutional power to adjudicate the case" ).

Pursuant to 18 U.S.C. §3231, federal district courts have original jurisdiction over offenses against the laws of the United States. See *United States v. Stewart,* 306 F.3d 295, 321 (6th Cir. 2002). Defendant pleaded guilty to federal offenses, and this court properly exercised jurisdiction over his case. See, e.g., *United States v. Harris,* 397 F.3d 404, 409 (6th Cir. 2005)("The district court properly had jurisdiction under 18 U.S.C. §3231 because Harris and Holmes were

charged with violations of federal criminal law."); *and United States v. Madden*, 403 F.3d 347, 349 (6th Cir. 2005)(same).

The United States correctly points out that other district courts have rejected similar jurisdictional challenges by criminal defendants. See, e.g., *United States v. Casey*, 2005 WL 2114059, at *4 (W.D.Tenn.)(rejecting criminal defendant's allegation that 18 U.S.C. §3231 was not positive law and was not properly enacted by Congress), citing *United States v. Charles*, Crim. No. 00-20022-01-KHV, Civil No. 02-3100-KHV, 2002 WL 31056548, at *4 (D.Kan. Sept. 9, 2002)(rejecting defendant's allegation that Title 18 of the United States Code was never properly enacted into positive law). "[T]he Sixth Circuit has flatly rejected similar challenges to the jurisdiction of the federal courts over violations of federal criminal statutes." *Casey*, 2005 WL 2114059, at *2. "[I]t is clear that 18 U.S.C. §3231 gives the federal courts original and exclusive jurisdiction over federal crimes." *Id.* "The district court indisputably had subject matter jurisdiction over his indictment for violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c)," Id., citing *United States v. Allen,* 954 F.2d 1160, 1165-66 (6th Cir. 1992). To the extent his claims are even cognizable here, Hoskins's argument that federal district courts lack jurisdiction over criminal defendants charged with federal offenses does not establish that his conviction is "void ab initio". Defendant is not entitled to any relief.

**Issue 4: Whether Defendant is "Innocent" of His Enhanced Sentence**

Defendant next claims that he is "innocent" of his "enhanced sentence". In support, he cites the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). DE#52, p. 5-9. However, the defendant may not challenge his sentence in this §2255 proceedings for several reasons. As already discussed, he did not appeal his sentence and has procedurally defaulted any such claim. He has shown no cause and prejudice to excuse such default. A motion to vacate pursuant to §2255 is also not a substitute for direct appeal. *Frady,* 456 U.S. at 167-68, 102 S.Ct. 1584; *Regalado,* 334 F.3d at 528.

Moreover, the United States Supreme Court's decision in *Booker* is not retroactively applicable to cases on collateral review. See *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005)("Because we conclude that *Booker*'s rule does not apply retroactively in collateral proceedings, we find this claim

meritless"); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005)(holding that the defendant "cannot raise any *Booker*-based claims in a §2255 action"); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005)(holding that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Very simply, the *Booker* decision is applicable to federal cases *on direct appeal*, but is not retroactively applicable to cases on collateral review. The present defendant's conviction was already final when the United States Supreme Court decided *Booker*. Hoskins is not entitled to any relief on such basis.

### Issue 5: Whether Counsel was Ineffective for not Researching and Investigating Defenses

Finally, defendant claims that his counsel was ineffective for various reasons. Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment. *Evitts v. Lucey*, 49 U.S. 387, 396-97, 83 L.Ed.2d 821, 830 (1984). To prevail on a claim of "ineffective assistance of counsel", defendant must show that 1) counsel's performance was objectively deficient, and 2) that such deficiency resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* at 686. To show resulting "prejudice", counsel's deficient performance must have rendered the result of the trial unreliable or fundamentally unfair. *Id.*

However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." *Id.* Counsel cannot be deemed ineffective for failing to raise meritless or frivolous issues. *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998), *cert. denied*, 525 U.S. 935 (1998).

To the extent defendant claims that his counsel "failed to request discovery" and to investigate whether defendant had a valid defense, see DE#52, p. 2, such claims are conclusory and generalized. Defendant does not suggest what

further discovery or investigation would have accomplished. In light of the incriminating evidence against him, the defendant voluntarily pleaded guilty and took the benefit of a plea bargain. In open court, he admitted under oath the factual basis for the prosecution's case against him. He cannot now "invalidate" his guilty plea merely by claiming that his counsel should have investigated a meritless "jurisdictional" defense or other such matters. As already discussed, such purported jurisdictional defense is without merit. This court properly exercised jurisdiction in accepting defendant's guilty plea and sentencing him. The defendant has not shown any objective deficiency in his counsel's representation, nor any resulting prejudice under the *Strickland* standard. Defendant's claim of "ineffective assistance of counsel" is without merit and provides no basis for relief.

### No Hearing Required

No hearing is required if the petitioner's allegations are refuted by the record or are merely conclusions rather than statements of fact. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)(holding that "evidentiary hearings are not required when ... the record conclusively shows that the petitioner is entitled to no relief."); *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); and see, e.g., *Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. (Ky.)). The United States Supreme Court has observed that "[t]o allow indiscriminate hearings in federal post-conviction proceedings ....would eliminate the chief virtues of the plea system-- speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977); *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

The allegations in the present §2255 motion concern legal and procedural issues that can be decided on the record before the Court. No disputed factual issues are before the Court, and an evidentiary hearing would not help resolve any issues in this case. The defendant is not entitled to an evidentiary hearing. See *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003); *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001); and see, e.g., *Pratt v. United States*, 107 Fed. Appx. 556, 2004 WL 1859513, *2 (6th Cir. (Mich.))(finding no abuse of discretion in denying defendant's motion without an evidentiary hearing).

## Certificate of Appealability ("COA")

When a district court rules upon a §2255 motion, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. §2253(c)(2), and shall indicate which specific issues satisfy the "substantial showing" requirement. See *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2002)(requiring an "individualized determination of each claim...in considering whether to grant a COA"); *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed2d 542 (2000), the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling".

Defendant expressly waived his right to appeal his guilty plea and conviction. Defendant did not appeal his sentence or his waiver, and thus, has defaulted any such claims. Of course, in light of the advantageous plea bargain obtained by counsel, defendant had little reason to appeal his substantially reduced sentence. He has shown no cause and prejudice to excuse default and cannot raise such defaulted claims now. Defendant admitted to the factual basis for the offenses and certainly cannot claim "actual innocence". Defendant also expressly waived his right to challenge his guilty plea and conviction by means of a §2255 motion. Defendant's *Booker* claim is not reviewable, as such Supreme Court decision is not retroactively applicable to cases on collateral review. These procedural recommendations are not fairly debatable by jurists of reason.

Jurists of reason would also not debate whether defendant's petition states a valid claim of the denial of a constitutional right. This Court had proper jurisdiction to adjudicate this case. Defendant has shown no ineffectiveness by his counsel for not investigating a meritless "jurisdictional" defense. Defense counsel obtained a very advantageous plea bargain and a substantially reduced sentence for defendant. If defendant had proceeded to trial and been convicted of all the counts against him, defendant would have faced a much longer sentence than the 60 months he is presently serving. Counsel's performance was not objectively deficient in any way. Jurists of reason would not debate these matters. Defendant

must meet both *Slack* prongs to obtain a COA. He has not done so.

## RECOMMENDATION

It is **RECOMMENDED** that the "Motion to Vacate or Set Aside Sentence" (DE#52) by the petitioner should be **DENIED** with prejudice, and a COA should not be issued.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the 30TH day of March, 2006.



Signed By
J. B. Johnson, Jr.
United States Magistrate Judge